IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HORACE BATISTE, individually § <br> and on behalf of all others similarly situated § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> CDM FEDERAL PROGRAMS § <br> CORPORATION and CDM SMITH INC. § <br> § <br> Defendant. § | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT

1. Plaintiff Horace Batiste ("Plaintiff") brings this suit against CDM Federal Programs Corporation and its parent company, CDM Smith Inc. ("Defendants") to recover regular and overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 207(a)(1), 216(b), and the Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 250, *et seq*., and §§ 271, *et seq*. Plaintiff asserts FLSA claims on behalf of himself and Defendants' current and former Puerto Rico employees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 1331 as this case involves questions of federal law, specifically the FLSA. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants because they do business in Puerto Rico, and hire workers like Plaintiff, to perform work in Puerto Rico in furtherance of business transacted in Puerto Rico.

4. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District, including many of the wrongs herein alleged.

## PARTIES

5. Plaintiff Horace Batiste resides in Georgia. His written consent form to this action is filed with this Complaint (see Exhibit 1).

6. Defendants are corporations organized in Massachusetts.

7. Defendants may be served through their registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## COVERAGE

8. Throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter ("the Claims Period"), Defendants employed two or more employees and had annual revenue of at least $500,000.

9. Throughout the Claims Period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce.

10. Throughout the Claims Period, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). Defendants perform related activities through unified operation and common control for a common business purpose. Defendants share employees, have common management, pool their resources, operate from the same headquarters, have common ownership, and provide the same service. Thus, Defendants formed a "single enterprise."

11. Throughout the Claims Period, Defendants had employees engaged in commerce or in the production of goods for commerce, and Defendants had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

12. Throughout the Claims Period, Plaintiff and all similarly situated employees were engaged in interstate commerce or in the production of goods for commerce.

13. Throughout the Claims Period, Defendants were, individually and jointly, an employer of Plaintiff and all similarly situated employees.

14. Throughout the Claims Period, Plaintiff and all similarly situated individuals were employees of each Defendant, individually and jointly.

15. Throughout the Claims Period, Defendants, individually and jointly, employed Plaintiff and all similarly situated employees.

16. At all material times, Defendants have been employers within the meaning of 29 L.P.R.A § 250b.

17. At all material times, Plaintiff and all similarly situated individuals were/are employees within the meaning of 29 L.P.R.A § 250b.

## JOINT EMPLOYER

18. Throughout the Claims Period, Defendants maintained the power to effectuate employment changes, such as the hiring, transfer, and termination of Plaintiff and all similarly situated employees; Defendants maintained power to supervise and control conditions of employment, including the rate and method of payment of wages, for Plaintiff and all similarly situated employees; and Defendants maintained employment records in a common system. Defendants shared administrative resources, and Defendants' managers—as well as individuals involved in the onboarding and human resources functions for Defendants—shared a similar email domain, "@cdmsmith."

## FACTS RELEVANT TO FLSA & PUERTO RICO WAGE VIOLATIONS

19. Defendants are part of an organization that secured contracts with the Federal Emergency Management Agency ("FEMA"). Specifically, Defendants contract with FEMA to provide services related to natural disaster recovery in Puerto Rico.

20. Plaintiff worked for Defendants in furtherance of Defendants' natural disaster relief services provided throughout Puerto Rico, from on or about February 2020 through on or about March 2020.

21. Defendants classified Plaintiff as a W-2 employee and paid him on an hourly basis.

22. Plaintiff worked overtime (*i.e.*, more than 8 hours in a day or more than 40 hours per week) for Defendants on numerous occasions during the Claims Period. Plaintiff worked, at a minimum, ten hour per daily shift and would routinely work twelve or more hour shifts each day. Plaintiff routinely worked five to 7 shifts per week.

23. Defendants did not pay Plaintiff any additional pay for overtime hours that he worked during the Claims Period.

24. Instead, Defendants paid Plaintiff his hourly rate (*i.e.*, "straight time") for each accepted work hour he recorded in the company's timekeeping system, including his overtime hours.

25. Defendants paid all similarly situated employees in the same manner.

26. By engaging in this pay practice, Defendants deprived employees of their right under Puerto Rico labor law and the FLSA to receive time-and-a-half pay for their overtime hours.

27. Defendants may argue Plaintiff was exempt from Puerto Rico labor law and the FLSA's time-and-a-half requirement, but Defendants' compensation policy and practice does not satisfy the salary-basis test for exempt employees. *See* 29 C.F.R. § 541.602(a)(1) ("[A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.").

28. When Plaintiff recorded fewer than 40 hours, Defendants paid him a standard hourly rate for each hour he recorded, just as it did when he recorded more than 8 hours in a day

or 40 hours in a week. Defendants' policy and practice of paying Plaintiff in this manner does not satisfy the salary-basis test for exempt employees.

29.     Plaintiff's work also does not satisfy the job-duties requirements for any overtime-pay exemptions under the FLSA.

30.     Defendants owe Plaintiff .5 times his regular rate of pay for each recorded overtime hour he worked each week during the Claims Period, plus liquidated damages in the same amount.

31.     Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

32.     Defendants' method of paying Plaintiff and all similarly situated employees in violation of the FLSA and Puerto Rico labor laws was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendants' pay scheme was not by accident, but a well thought out plan to reduce their labor costs. Defendants knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so. Moreover, Defendants FEMA funding for their disaster relief work. To be eligible to receive FEMA funds, Defendants agreed to comply with federal laws including the FLSA. As such, Defendants were on notice to comply with FLSA wage laws, but chose not to do so. Furthermore, upon information and belief, Defendants investigated the wage laws and knew the requirement to pay overtime wages. Nevertheless, they chose not to pay overtime wages to Plaintiff and other similarly situated employees. Accordingly, Defendants' violations of the FLSA were willful.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff incorporates the prior allegations in this Complaint and restates them here on behalf of all individuals who were paid straight time for overtime hours each week during the Claims Period.

34. Defendants paid these individuals on an hourly basis. Defendants did not pay them time-and-a-half for the overtime hours they worked each week. Instead, Defendants paid them straight time for the recorded overtime hours they worked each week.

35. Plaintiff and these similarly situated workers are hereafter referred to as "the Straight-Time Plaintiffs."

36. Plaintiff seeks to represent the interests of the Straight-Time Plaintiffs who have been deprived of their overtime pay in violation of the FLSA.

37. The Straight-Time Plaintiffs often worked more than 40 hours a week during the Claims Period.

38. Defendants failed to pay the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period.

39. Defendants owe the Straight-Time Plaintiffs .5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period, plus liquidated damages in the same amount.

40. The Straight-Time Plaintiffs are entitled to an award of attorneys' fees and costs associated with prosecuting this lawsuit.

41. The Straight-Time Plaintiffs are similarly situated because they were subjected to the same policy and practice. Defendants paid them on an hourly basis, and Defendants paid them

"straight time" for each recorded overtime hour instead of the time-and-a-half rate required under the FLSA.

42. Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> **All Current and Former Puerto Rico Employees Who Were Paid Straight Time Instead of Time-And-A-Half for Recorded Overtime Hours (Hours Over 40) During Any Week from September 22, 2017 to the Present.**

43. Plaintiff reserves the right to modify the collective definition.

### PUERTO RICO LABOR LAW CLASS ACTION ALLEGATIONS

44. Plaintiff also seeks to represent a class under Fed. R. Civ. P. 23(b)(3) for back wages, interest and liquidated damages under the Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 250, *et seq*., and §§ 271, *et seq*. The class is defined below:

> **All Current and Former Puerto Rico Employees Who Were Paid Straight Time Instead of Time-And-A-Half for Recorded Overtime Hours (Hours Over 8 in a Day or over 40 in a week) During Any Week from September 22, 2017 to the Present.**

45. The individuals in the Class are so numerous that joinder of all individual members is impracticable. Although the precise number of such individuals is currently known to Defendants, Plaintiff believes that the number of individuals that worked for Defendants in Puerto Rico in the last three years exceeds 40.

46. There are questions of law and fact common to the Classes that predominate over any individual questions solely affect individual members, including, but not limited to:

   a. Whether Defendants violated Puerto Rico law by failing to pay overtime wages to the Class Members;

   b. Whether Plaintiff and the Class Members are entitled to overtime pay;

   c. Whether Plaintiff and the Class Members are entitled to liquidated damages;

47. Plaintiff's overtime claim is typical of the Class Members. Plaintiff, like other members of the Class, was denied his right to overtime wages. The denial of overtime pay to Plaintiff resulted from the implementation of a pay policy which affected all Class Members in a similar way. Plaintiff challenges Defendants' pay practices under legal theories common to all Class Members.

48. Plaintiff and the undersigned counsel are adequate representatives of the Class. Given Plaintiff's losses, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class. Plaintiff has no interests that are antagonistic to those of the Class or that would cause him to act adversely to the best interests of the Class. Plaintiff has retained counsel experienced in class action litigation and wage and hour disputes.

49. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards for Defendants and similar companies.

50. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

### FIRST CAUSE OF ACTION
### Violation of the FLSA—Collective Action
### (Failure to Pay Overtime)

51. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

52. 29 U.S.C. § 216(b) allows Plaintiff to assert FLSA claims on behalf of himself and all other employees similarly situated. Plaintiff asserts this claim on behalf of himself and all

8

similarly situated employees in the FLSA Collective Action Class defined above, who worked for Defendants at any time from the date three years prior to the date the Complaint was originally filed continuing through the present. All requirements for a collective action are met.

53. 29 U.S.C. § 207 requires Defendants to pay all employees for each hour worked in excess of 40 at a rate equal to one and one half times the regular rate of pay.

54. Defendants failed to pay Plaintiff and the Class Members overtime.

55. Based on the foregoing, Plaintiff and the Class Members are entitled to the full statutory overtime as set forth in 29 U.S.C. § 207 for all periods in which they worked for Defendants.

56. Defendants' conduct was willful and with the intent to avoid paying them overtime and other benefits that they are legally entitled.

57. Plaintiff and Class Members are not exempt from the overtime requirements under the FLSA.

58. The FLSA provides that a private civil action may be brought for the payment of federal minimum wages and overtime together with an equal amount in liquidated damages. Moreover, Plaintiff and the Class Members are entitled to recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

59. 29 U.S.C. § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

60. 29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee during the workweek.

61. To the extent Defendants failed to maintain all records required by the aforementioned statute and regulations, and failed to furnish to Plaintiff and the Class Members comprehensive statements showing the hours they worked during the relevant time period, they also violated the law.

62. When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 is controlling. That rule states:

> [W]here the employer's records are inaccurate or inadequate. . .an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

63. The Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records. Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with. . .the Act." *Id.*

64. Based on the foregoing, on behalf of the Class Members, Plaintiff seek unpaid overtime at the required legal rates for all their work during the relevant time period, back pay,

reimbursement of all wrongful deductions, restitution, liquidated damages, attorneys' fees and costs, and any other relief allowed by law.

65. Defendants are jointly and severally liable for the liability of each other.

## SECOND CAUSE OF ACTION
**Puerto Rico Labor Law, 29 LPRA § 250 – Class Action**
**(Failure to Pay Overtime)**

66. Plaintiff, on behalf of himself and members of the Class, alleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

67. It is unlawful under Puerto Rico law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty hours in any workweek or more than eight hours in one day.

68. In fact, Article II, Section 16 of the Puerto Rico Constitution provides that no worker shall work more than eight hours per day, and 29 L.P.R.A. § 273(a) defines overtime as "the hours that an employee works for an employer more than eight hours during any period of twenty-four consecutive hours."

69. Defendants violated Article II, Section 16 of the Puerto Rico Constitution and 29 L.P.R.A. § 273(a), by regularly and repeatedly failing to properly compensate Plaintiff for all his compensable overtime actually worked and failing to do so in the time required by the Constitution and 29 L.P.R.A. § 273 (a). "The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection to his health or person in his work or employment, and to an ordinary work-day which shall not exceed eight hours. An employee may work more than this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed."

70. When Plaintiff worked more than eight hours on the first day of his workweek, and more than eight hours each subsequent day, the entire subsequent day should have been paid at time and one-half.

71. Defendants willfully failed to pay overtime pay to Plaintiff.

72. Indeed, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rates, of one and one-half times their regular rates of pay for hours worked in excess of forty hours per workweek and more than eight hours in one day.

73. As a result of Defendants' willful violations of the applicable Puerto Rico Labor Laws, Plaintiff and the Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

74. Plaintiff demands a jury trial on all liability and damages issues raised in this lawsuit.

## PRAYER FOR RELIEF

75. Plaintiff, on behalf of himself and the Class Members, as defined above, prays for relief as follows:

    A. Determining that the FLSA claims stated herein may proceed as a collective action;

    B. Determining that the Puerto Rico claims stated herein may proceed as a class action;

    C. Declaring that Defendants committed multiple, separate violations of the FLSA;

    D. Declaring that Defendants committed multiple, separate violations of Puerto Rico law;

E. Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and their obligations under the FLSA and Puerto Rico law;

F. Awarding actual and statutory damages, unpaid overtime wages, liquidated damages, reimbursement for all withheld deductions, and penalties as authorized by the FLSA and Puerto Rico law;

G. Awarding reasonable attorneys' fees and costs as provided by the FLSA and Puerto Rico law; and

H. Granting such other and further relief, in law or equity, as this Court may deem appropriate and just.

Date: September 22, 2020.

        Respectfully submitted,

        SHELLIST LAZARZ SLOBIN LLP

        By: */s/ Ricardo J. Prieto*
            Ricardo J. Prieto (*pro hac vice pending*)
            State Bar No. 24062947
            rprieto@eeoc.net
            Melinda Arbuckle (*pro hac vice pending*)
            State Bar No. 24080773
            marbuckle@eeoc.net
            11 Greenway Plaza, Suite 1515
            Houston, Texas 77046
            Telephone: (713) 621-2277
            Facsimile: (713) 621-0993

ATTORNEY-IN-CHARGE FOR ALL NAMED AND OPT-IN PLAINTIFFS

        &

        s/Enrique J. Mendoza Méndez
        Enrique J. Mendoza Méndez
        USDC-PR No. 202804

**MENDOZA LAW OFFICES**
P.O. Box 9282
San Juan, Puerto Rico 00908-0282
Telephone: (787) 722-5522; 5530; 5540
Facsimile:  (787) 723-7057
Email: mendozalo@yahoo.com

LOCAL COUNSEL & ATTORNEY FOR ALL NAMED AND OPT-IN PLAINTIFFS